# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ILLINOIS
# EAST ST. LOUIS

| | | |
|---|---|---|
| HIGHLAND MANAGEMENT GROUP LLC ) | | |
| ) | | |
| Plaintiff, ) | Case No.: 3:21 CV 172 | |
| ) | | |
| v. ) | Removed from the Circuit Court | |
| ) | of the Third Judicial Circuit, | |
| SOCIETY INSURANCE and THE PILLAR ) | Madison County, Illinois | |
| CORPORATION ) | Cause No. 2021L 000013 | |
| Defendants. ) | | |

## SOCIETY INSURANCE'S NOTICE OF REMOVAL

Defendant SOCIETY INSURANCE, by and through its undersigned counsel, hereby provides notice pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 of the removal of Highland Management Group LLC v. Society Insurance and The Pillar Corporation, No. 2021L 000013 from the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, to the United States District Court for the Southern District of Illinois. Federal diversity jurisdiction exists, as information provided in the Complaint indicates that there is complete diversity among the properly joined parties and the amount in controversy exceeds $75,000.

Pursuant to 28 U.S.C. § 1446(a), Defendant provides the following short and plain statement of the grounds for removal:[1]

1. Plaintiff Highland Management Group LLC commenced the removed action on or about January 7, 2021, in the Third Judicial Circuit, Madison County, Illinois, Cause No. 2021L 000013.

---

[1] Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's rights to assert any defense, including, but not limited to those defenses available under Rule 12 of the Federal Rules of Civil Procedure or otherwise.

2.       Society was served on January 20, 2021. See Exhibit 1, correspondence from the Illinois Department of Insurance forwarding a copy of the Summons and Complaint.  This constitutes true and correct copies of all process, pleadings, and orders served on Defendants in the State Court Action, as required by 28 U.S.C. § 1446(a). Attached hereto as Exhibit 2 is a true and correct copy of all materials filed in the state court action through February 10, 2021.  Attached hereto as Exhibit 3 is a true and correct copy of pleadings and materials filed in the state court action on February 11, 2021 by Defendant The Pillar Corporation ("Pillar").

3.       Society first received the Summons and Complaint from the Illinois Department of Insurance on January 20, 2021 via certified mail.  The date of receipt by Society triggers the beginning of the 30-day removal period.[2]

4.       Pillar is fraudulently joined, as discussed in further detail below, and, therefore, its consent is not required for removal.

5.       Venue in this Court is proper, as this Court is the district embracing the place where the action is pending, which is the Circuit Court of Madison County, Illinois. 28 U.S.C. § 93 & 1441(a).

6.       The Complaint alleges counts against Society for declaratory judgment, breach of contract, and violations of 215 ILCS 5/155 related to a claim Plaintiff made to Society under a Businessowners Policy (the "Policy") issued by Society. Compl. ¶ 3.

---

[2] Illinois statute provides that service on the director "shall not be complete until the copy thereof has been so mailed and received by the company[.]"  215 Ill. Comp. Stat. Ann. 5/112(2).

The 30 day removal period does not run until receipt by the company. See, e.g., *Yash Techs., Inc. v. Prospeed Trading, Inc.*, No. 07-4054, 2008 WL 3200838, at *2 (C.D. Ill. Aug. 6, 2008) (in the context of service on the secretary of state); *Illinois Psychiatric Hosp. Co. v. Cook*, No. 92 C 6373, 1992 WL 368053, at *1 (N.D. Ill. Dec. 1, 1992) (holding that removal on Sep. 21 was timely after service on the DOI on Aug. 17 "service of process was not complete until August 21, 1992, the date that Fidelity received, by registered mail, a copy of the complaint from the Department of Insurance" and Sep. 20 was not a business day).

7. Plaintiff alleges that the COVID-19 pandemic and government orders issued to reduce its spread forced Plaintiff to temporarily suspend its gaming operations. See *id.* ¶¶ 1, 60, 74-76. Plaintiff asserts that the resulting losses are covered by the Policy it has with Society. *Id.* ¶ 91.

8. As discussed below, this action is properly removed. The procedural requirements of removal have been met, and information provided in the Complaint indicates that this Court has subject matter jurisdiction. The only non-diverse party has been fraudulently joined. Its citizenship must therefore be ignored, and its consent to removal is not required.

### I.      THE PROCEDURAL REQUIREMENTS OF REMOVAL ARE MET

9. As referenced above, true and correct copies of all process, pleadings, and orders served on Defendants in the State Court Action are attached as Exhibit 2 to this Notice. 28 U.S.C. § 1446(a).

10. This Notice of Removal is filed within thirty (30) days after the receipt by Society, through service, of a copy of the Complaint in the State Court Action. Accordingly, removal is timely. 28 U.S.C. § 1446(b).

11. This Court presides in the locality in which the State Court Action was filed. It is therefore a proper forum for removal. 28 U.S.C. § 97(a).

12. Society, the only proper defendant, is not a citizen of Illinois, the state where this action was brought. 28 U.S.C. § 1441(b)(2).

13. A copy of this Notice of Removal will be served on Plaintiff via United States mail and email to its counsel of record in the State Court Action, and a copy is being filed with the state court. 28 U.S.C. § 1446(d).

## II.     THIS COURT HAS SUBJECT MATTER JURISDICTION

14. An action may be removed from state court to federal court if the action could have originally been brought in federal court. 28 U.S.C. § 1441(a). Here, information provided in the Complaint and publicly available demonstrates that federal jurisdiction exists based upon diversity of citizenship pursuant to 28 U.S.C. § 1332 because the amount in controversy is greater than $75,000 and this is a civil action between citizens of different states.

### A.    The Amount in Controversy Requirement is Satisfied.

15. The amount in controversy in this action exceeds the $75,000 threshold required by 28 U.S.C. § 1332(a).

16. Plaintiff is claiming ongoing lost business income and extra expense since March 17, 2020 for at least 26 gaming cafes throughout the State of Illinois and have made a claim for statutory bad faith against Defendant. (Compl. at ¶¶ 1, 16, 101-07.)

### B.    There is Complete Diversity of Citizenship Between the Proper Parties.

18. At the time of Plaintiff's alleged loss and the time Plaintiff's lawsuit was commenced, Defendant Society Insurance was a mutual company organized and existing under the laws of the State of Wisconsin, with its principal place of business in Fond du Lac, Wisconsin. Society is a citizen of Wisconsin.

19. Plaintiff is an Illinois limited liability company and has its principal place of business in Champaign, Illinois. (Compl. ¶ 5.) A limited liability company is considered a citizen of the state in which each of its members is a citizen. *United Mar. Grp., LLC v. O'Neill*, No. 09-CV-0374-MJR, 2009 WL 1444786, at *1 (S.D. Ill. May 21, 2009).

20. Plaintiff's sole member is Jeff Rehberger, who resides in Highland, Illinois. (Compl. ¶ 5.) Plaintiff is a citizen of Illinois.

21. Because Plaintiff is a citizen of a state different than the citizenship state of Society, this action is "between— (1) citizens of different States." See 28 U.S.C. § 1332(a)(1). As a result, Section 1332's requirement of complete diversity has been satisfied.

### C. The Pillar Corporation is fraudulently joined and its presence does not defeat diversity.

22. Pillar is a corporation incorporated in Illinois. (Compl. ¶ 7.)

23. "[A] plaintiff is normally free to choose its own forum, but it may not join an in-state defendant solely for the purpose of defeating diversity jurisdiction." *Schwartz v. State Farm Mutual Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir.1999); *In Re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prod. Liab. Litig.* ["In re Yasmin"], 692 F. Supp. 2d 1025, 1031 (S.D. Ill. 2010).

24. Under the "fraudulent joinder" doctrine, a district court considering removal disregards, for jurisdictional purposes, the citizenship of a non-diverse defendant, where there exists no reasonable possibility that a state court would rule against the in-state defendant. *Schwartz*, 174 F.3d 875, at 878; *In Re Yasmin*, 692 F. Supp. 2d at 1031.

25. Although Pillar is non-diverse, Pillar has been fraudulently joined to this litigation and should be disregarded when evaluating the Court's jurisdiction. There is no reasonable possibility that Plaintiff can prevail on its claims against Pillar because those claims are barred by the statute of limitations as a matter of law.

28. When only one conclusion can be drawn from the undisputed facts, the statute of limitations is a proper question for the Court. *LeBlang Motors, Ltd. v. Subaru of America, Inc.*, 148 F.3d 680, n. 6 (7th Cir. 1998) (citing *Witherell v. Weimer*, 85 Ill. 2d 146, 421 N.E.2d 869 (1981)). In those instances, the fact that the statute of limitations bars the plaintiff's claim is proper

grounds for a finding of fraudulent joinder. *LeBlang*, 148 F.3d at 690-92 (affirming the dismissal of two defendants as fraudulently joined because the statute of limitations against them had run).

29. In this case, there are no questions of law or fact preventing a finding of fraudulent joinder as to Pillar because the claims against Pillar are barred by Illinois' statute of limitations for actions against insurance producers.[3]

30. Section 13-214.4 of the Illinois Code sets forth the applicable statute of limitations for actions against insurance producers for failure to procure insurance, providing:

> All causes of action brought by any person or entity under any statute or any legal or equitable theory against an insurance producer, registered firm, or limited insurance representative concerning the sale, placement, procurement, renewal, cancellation of, or failure to procure any policy of insurance shall be brought within 2 years of the date the cause of action accrues.

735 ILCS 5/13-214.4 (West 2014).

31. The Illinois Supreme Court has held that the date of accrual for purposes of the two-year statute of limitations is the date the allegedly non-conforming policy is delivered to the policyholder. *Am. Family Mut. Ins. Co. v. Krop*, 120 N.E.3d 982, 991 (2018).

32. Here, the policy of insurance was first issued and mailed to Plaintiff on or about August 1, 2018. (See Exhibit 3 (B) (Affidavit of Shannon Rogers) at ¶¶12-13 ). After that date, Plaintiff obtained renewals of the policy and never requested a change to the form under which Plaintiff seeks coverage, the Businessowners Special Property Coverage Form TBP2 (05-15). (*Id.* at ¶¶ 10, 14). Thus, to the extent Plaintiff might have a claim against Defendant Pillar, the two-year statute of limitations as to that claim expired, at the latest, on or about August 1, 2020. Plaintiff did not file its claims against Pillar until January 7, 2021. (Compl. at p. 1 (court file

---

[3] It is well established that a federal court sitting in diversity must follow the statute of limitations that the state in which it is sitting would use. *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 707 (7th Cir. 2004). Illinois choice of law rules regard statutes of limitations as procedural, and thus an Illinois court would apply its own statute of limitations to this case. *Id.* at 707 (citing *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 770 N.E.2d 177, 194 (2002)).

stamp).) Thus, Plaintiff's claims against Pillar are barred by the two-year statute of limitations. There are no remaining questions of facts with respect to whether the statute of limitations has run, and therefore, the application of the statute of limitations is a proper question for the Court.

33. Society therefore respectfully submits that this Court should find that there is no reasonable possibility that Plaintiff could establish a cause of action against Pillar and hold that Pillar has been fraudulently joined. Accordingly, in considering removal, this Court should disregard the citizenship of Pillar, assume jurisdiction over this case, dismiss Pillar from the case, and thereby retain jurisdiction.

### III. CONCLUSION

WHEREFORE, notice is given that the State Court Action is removed from Circuit Court of the Third Judicial Circuit, Madison County, Illinois, to the United States District Court for the Southern District of Illinois.

Respectfully submitted,

Society Insurance

By: /s/ Thomas B. Underwood
Thomas B. Underwood
Attorney for Defendant

**PURCELL & WARDROPE, CHTD**.
Thomas B. Underwood (#3122933)
Michael D. Sanders (#6230187)
PURCELL & WARDROPE, CHTD.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
tbu@pw-law.com
msanders@pw-law.com